Roundy, Peckham & Dexter Company, Plaintiff and Respondent, vs. Hetzel, Garnishee, Appellant.

*March 5—April 2, 1929.*

For the appellant there was a brief by *Fisher & Cashin* of Stevens Point, and oral argument by *W. E. Fisher*.

*J. R. Pfiffner* of Stevens Point, for the respondent.

CROWNHART, J.   The findings of fact by the circuit court are full and complete, and all in favor of the plaintiff.   We have examined the evidence, and are fully satisfied that the evidence sustains the findings of fact.   No good purpose will be served by reviewing the evidence.

The appellant purchased a stock of goods and the fixtures of a grocery store owned by the Cashin-Moran Grocery Company, and took possession of the property without complying with the Bulk Sales Law, sec. 241.18, Stats., printed in the margin.[1]   It is the contention of the appellant that

---

[1] 241.18 The sale, transfer, or assignment, in bulk, otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller, transferor or assignor, of any part, or the whole, of any stock of goods, wares and merchandise, or of the fixtures pertaining to the same, or of such goods, wares and merchandise and fixtures, including such sales, transfers and assignments made in consideration of an existing indebtedness, shall be conclusively presumed to be fraudulent and void as against the then existing creditors of the seller, transferor, or assignor, unless the seller, transferor, or assignor and the purchaser, transferee, or assignee, shall, at least five days before the sale, transfer, or assignment, make a full and detailed inventory, showing the quantity, and, so far as possible, with the exercise of reasonable diligence, the cost price to the seller, transferor or assignor, of each article to be in-

there was a substantial compliance with the law. The findings of fact of the circuit court are to the contrary, and the evidence fully establishes the fact that the law was not complied with. The statute is intended to prevent fraud as against creditors. The parties to the sale knew of the existence of the law, and had it before them. There was no reason why it should not have been followed. We think the failure to do so avoids the sale so far as the creditors are concerned. It is not necessary that fraud in fact be established. The law provides that for failure to comply with it the sale is conclusively presumed to be fraudulent.

Appellant further contends that the plaintiff failed to prove an indebtedness due from the Cashin-Moran Grocery Company; failed to prove that judgment had been entered in the action in the county court against the Cashin-Moran Grocery Company; and failed to prove the corporate capacity of the plaintiff.

The record shows that upon the trial in the circuit court the judgment roll of the county court was produced and offered in evidence, whereupon the circuit court said it would

cluded in the sale, transfer or assignment; and unless the purchaser, transferee or assignee, demand and receive from the seller, transferor or assignor, and the seller, transferor or assignor make and deliver to the purchaser, transferee or assignee, a written list of the names and addresses of all the creditors of the seller, transferor or assignor, with the amount of the indebtedness, either due or owing to each, and certified by the seller, transferor or assignor, under oath, to be a full, accurate and complete list of his creditors and their respective addresses, and of his indebtedness, or, if there be no creditors, a like sworn statement to that effect; and unless the purchaser, transferee or assignee, shall at least five days before taking possession of such goods, wares and merchandise, or of such fixtures, or of such merchandise and fixtures, hereinbefore described, or paying therefor, or delivering to such seller, transferor or assignor, or to his use, the consideration therefor, notify personally every creditor whose name and address are stated in said list, or of whom he has knowledge, of the proposed sale, transfer or assignment, and of the price, terms, and conditions thereof; or shall, in lieu of such personal service, deposit such notices in the postoffice, properly addressed to each creditor, to be sent by registered mail, at least ten days before such property described above is paid for, taken possession of or delivered.

be received at any time. The record was not actually introduced as an exhibit at the time, but after judgment in the circuit court, on motion duly made, the circuit judge admitted the record *nunc pro tunc,* and the record shows judgment in favor of the plaintiff and against the Cashin-Moran Grocery Company in the county court.

In the garnishee action the affidavit in the title gave the plaintiff as a Wisconsin corporation, but there was no proof that it was a Wisconsin corporation, in the county court or in the circuit court. However, the case was tried without that question being raised in the circuit court, and there was no contention on the argument in this court that the plaintiff was not in fact a Wisconsin corporation. It is provided by sec. 269.43, Stats., applying to circuit courts, that—

"The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

It is also provided by sec. 274.37, Stats., applying to this court, that—

"No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, . . . for error as to any matter of pleading or procedure, unless in the opinion of the court . . . after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

Clearly, there is no merit in the contention of the appellant in this regard. No substantial right of the appellant has been affected by the failure to prove the corporate capacity of the plaintiff, or by reason of the judgment roll of the county court being admitted in evidence *nunc pro tunc.*

*By the Court.*—The judgment of the circuit court is affirmed.